09-4816-ag
Lian v. Holder

BIA
Burr, IJ
A099 525 909

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of December, two thousand ten.

PRESENT:
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
>> *Circuit Judges*.

_____

JING GUANG LIAN,
> *Petitioner*,

> v.                                          09-4816-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          Jing Guang Lian, *pro se*, Bayside, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Jonathan Robbins, Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Jing Guang Lian, *pro se*, a native and citizen of China, seeks review of an October 30, 2009, decision of the BIA affirming the March 19, 2008, decision of Immigration Judge ("IJ") Sarah M. Burr denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and denying his motion to remand. *In re Jing Guang Lian*, No. A099 525 909 (B.I.A. Oct. 30, 2009), *aff'g* No. A099 525 909 (Immig. Ct. N.Y. City Mar. 19, 2008).  We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA's decision, i.e., minus the arguments for denying relief that were rejected by the BIA.  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).  Because the BIA found that the IJ

did not make an adverse credibility determination, this Court will assume credibility. *Id.*; *Yan Chen v. Gonzales*, 417 F.3d 268, 271-72 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 155-56 (2d Cir. 2005).

The agency correctly concluded that Lian was not eligible for asylum based solely on his wife's alleged forced abortion and IUD insertion. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-11 (2d Cir. 2007). Nonetheless, even though he was not *per se* eligible for relief on that basis, he could have established his eligibility for relief by demonstrating that he engaged in "other resistance" to the family planning policy and that he either suffered past persecution or had a well founded fear of future persecution on account of such other resistance. 8 U.S.C. § 1101(a)(42); *Shi Liang Lin*, 494 F.3d at 309-10.

Even assuming, *arguendo*, that Lian established the requisite resistance, the agency reasonably determined that he failed to demonstrate past persecution or a well founded fear of future persecution. Although Lian claims that, at

3

the time his wife was forced to undergo an abortion, family planning officials pushed him and caused him to hit his head, the agency reasonably determined that this physical mistreatment did not constitute past persecution, as Lian was not detained at the time and did not establish that he suffered any significant harm as a result. *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (holding that "the difference between harassment and persecution is necessarily one of degree that must be decided on a case-by-case basis"); *cf. Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (holding that the severity of physical mistreatment "must be assessed with regard to the *context* in which the mistreatment occurs," and that conduct "that, in other contexts, could fairly be characterized as 'the mere annoyance and distress' of harassment, can take on an entirely different character when officially inflicted on an individual while detained on account of protected grounds") (internal citation omitted).

The agency also reasonably determined that Lian failed to establish that he has a well founded fear of future persecution, in the form of forced sterilization. Lian failed to provide support for his fear of sterilization, as

4

he paid the fine assessed to him for violating the family planning policies, he remained unharmed in China for three years after his altercation with family planning officials, his wife remained in China without being forced to undergo sterilization, and a letter sent by his wife made no mention of any fear of sterilization. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (holding that absent "solid support in the record" for petitioner's claim that he would be persecuted under the family planning policy, his fear was "speculative at best"). Lian's assertion that he is eligible for withholding of removal or CAT relief based on his fear of imprisonment upon return to China as a result of having fled China to seek asylum is unexhausted, as it was not raised before the agency. *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

Further, the agency did not abuse its discretion in denying Lian's motion to remand to present further evidence of head trauma, in light of the facts that Lian did not present any medical evidence of a head injury, the hearing transcript did not indicate any cognitive impairment, and neither Lian nor his counsel mentioned any cognitive

problems resulting from a head injury at the merits hearing. *Li Yong Cao,* 421 F.3d at 156. Lian has not explained why he was unable to present the purported medical evidence during his merits hearing. *See* 8 C.F.R. § 1003.2(c)(1) (2005)*;* 8 U.S.C. § 1229a(c)(7); *Norani v. Gonzales*, 451 F.3d 292, 294 & n.3 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk